| | | |
|---|---|---|
| FURNITURE DISTRIBUTORS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES R. WHITE, JR., JAMES R. WHITE, SR., | ) | Civil No. 3:15-cv-00313 |
| PHYLLIS M. WHITE, GREGORY L. WHITE, | ) | |
| SOFTWARE SUPPORT-PMW, INC., THE | ) | |
| HOMESOURCE CORP., and CENTERSPEC, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF SOFTWARE SUPPORT-PMW, INC.

Software Support-PMW, Inc. ("Software Support"), by and through counsel, hereby sets

forth its answer to the Plaintiff's Complaint against Software Support, James R. White, Jr.

("White, Jr."), James R. White, Sr. ("White, Sr."), Phyllis M. White ("P. White"), Gregory L.

White ("G. White"), The HomeSource Corp. ("HomeSource"), and CenterSpec, LLC

("CenterSpec").

## PARTIES, JURISDICTION AND VENUE

1.    Software Support lacks sufficient information to admit or deny the allegations

contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.    Software Support admits that White, Jr. is a citizen and resident of New York, is

over eighteen (18) years of age, suffers no legal disability, and conducted business on behalf of

Software Support in Mecklenburg County, North Carolina.   Except as admitted, Software

Support denies the remaining allegations of Paragraph 2 of Plaintiff's Complaint.

3-5.    Paragraphs 3-5 of Plaintiff's Complaint do not make any allegations against

Software Support, and thus no response is required.   To the extent a response is required,

1

Software Support is without sufficient information to admit or deny the remaining allegations contained in Paragraphs 3-5 of Plaintiff's Complaint and therefore denies the same.

6. Software Support admits that it is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Except as admitted, Software Support denies the remaining allegations of Paragraph 6 of Plaintiff's Complaint.

7-8. Paragraphs 7-8 of Plaintiff's Complaint do not make any allegations against Software Support, and thus no response is required. To the extent a response is required, Software Support is without sufficient information to admit or deny the remaining allegations contained in Paragraphs 7-8 of Plaintiff's Complaint and therefore denies the same.

9. Paragraph 9 of Plaintiff's Complaint is not a factual allegation and therefore no response is required. To the extent a response is required, Software Support states that it lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. Paragraph 10 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Software Support states that it lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Software Support denies the allegations contained in Paragraphs 11-12 of Plaintiff's Complaint.

## FACTS

13. Software Support lacks sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

2

14.     Software Support denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15-16.  Software Support lacks sufficient information to admit or deny the allegations contained in Paragraphs 15-16 of Plaintiff's Complaint and therefore denies the same.

17.     Software Support admits that it contracted to provide services for FDI beginning on or about December 5, 2008.  Except as admitted, Software Support denies the remaining allegations of Paragraph 17 of Plaintiff's Complaint.

18.     Software Support admits that it provided services to FDI between December 2008 and February 2012, that it submitted appropriate invoices to FDI for that work, and that it received some payments for those services.  Except as admitted, Software Support denies the remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.     Software Support denies the allegations contained in Paragraph 19 of Plaintiff's Complaint as they relate to Software Support.

20.     FDI's Complaint speaks for itself.  To the extent a response is required, Software Support states that it lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21-24.  The court file in the First Action filed by FDI speaks for itself.  Except as admitted, Software Support denies the remaining allegations of Paragraphs 21-24 of Plaintiff's Complaint.

25-26.  Software Support admits the allegations contained in Paragraphs 25-26 of Plaintiff's Complaint as they relate to Software Support.

27-29.  Software Support denies the allegations contained in Paragraphs 27-29 of Plaintiff's Complaint.

30.     Software Support admits that it registered the BrandSourceMobile.com domain name.  Except as admitted, Software Support denies the remaining allegations of Paragraph 30 of Plaintiff's Complaint.

31.     Software Support denies the allegations contained in Paragraph 31 of Plaintiff's Complaint as they relate to Software Support.

32.     Software Support admits that it changed the registrant for the BrandSourceMobile.com domain name to HomeSource.  Except as admitted, Software Support denies the remaining allegations of Paragraph 32 of Plaintiff's Complaint.

33-36.  Software Support denies the allegations contained in Paragraph 33-36 of Plaintiff's Complaint.

37.     Software Support admits that it does not have sufficient assets to satisfy the Judgment that FDI obtained in the First Action.  Except as admitted, Software Support denies the remaining allegations of Paragraph 37 of Plaintiff's Complaint.

38-39.  Software Support denies the allegations contained in Paragraphs 38-39 of Plaintiff's Complaint.

40.     Software Support admits that it no longer conducts business and lacks sufficient assets to satisfy the Judgment that FDI obtained in the First Action.  The remaining allegations of Paragraph 40 consist of legal conclusions to which no response is required.  To the extent a response is required, Software Support states that it lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41.     Software Support's books and records speak for themselves.  Except as admitted, Software Support denies the remaining allegations of Paragraph 41 of Plaintiff's Complaint.

42-44. Software Support denies the allegations contained in Paragraphs 42-44 of Plaintiff's Complaint as they relate to Software Support. Software Support lacks sufficient information to admit or deny the remaining allegations contained in Paragraphs 42-44 of Plaintiff's Complaint and therefore denies the same.

## FIRST ACTION
### [Fraudulent Transfer – N.C. Gen. Stat. §§ 39-23.1, *et seq.* – All Defendants]

45.      Software Support incorporates its responses to Paragraphs 1-44 of Plaintiff's Complaint as if fully set forth herein.

46-49. Paragraphs 46-49 of Plaintiff's Complaint consist of legal conclusions to which no responses are required. To the extent responses are required, Software Support states that it lacks sufficient information to admit or deny the allegations contained in Paragraphs 46-49 of Plaintiff's Complaint and therefore denies the same.

50-53. Software Support denies the allegations contained in Paragraphs 50-53 of Plaintiff's Complaint.

## SECOND CLAIM
### [Piercing the Corporate Veil/Alter Ego – All Defendants]

54.      Software Support incorporates its responses to Paragraphs 1-53 of Plaintiff's Complaint as if fully set forth herein.

55-59. Software Support denies the allegations contained in Paragraphs 55-59 of Plaintiff's Complaint.

## THIRD CLAIM
### [Facilitation of Fraud/Civil Conspiracy – All Defendants]

60.      Software Support incorporates its responses to Paragraphs 1-59 of Plaintiff's Complaint as if fully set forth herein.

61-63. Software Support denies the allegations contained in Paragraphs 61-63 of Plaintiff's Complaint.

## FOURTH CLAIM
### [Unfair and Deceptive Trade Practices – All Defendants]

64.     Software Support incorporates its responses to Paragraphs 1-63 of Plaintiff's Complaint as if fully set forth herein.

65-69. Software Support denies the allegations contained in Paragraphs 65-69 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

1-4.    Software Support denies that FDI is entitled to any of the relief requested in Plaintiff's Complaint.

## ADDITIONAL DEFENSES AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE
#### (Motion to Dismiss for Improper Venue)

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Software Support moves to dismiss the Complaint for improper venue.

### SECOND DEFENSE
#### (Motion to Dismiss for Failure to State a Claim)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Software Support moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.

### THIRD DEFENSE
#### (Failure to Plead with Particularity)

Plaintiff's claims alleging fraud by Software Support are barred because they are not pleaded with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

6

## FOURTH DEFENSE
### (Statute of Limitations and Repose)

Plaintiff's claims against Software Support may be barred by the applicable statutes of limitations and statutes of repose.

## FIFTH DEFENSE
### (Waiver, Estoppel, and Laches)

Plaintiff's claims against Software Support are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or laches, which apply generally and are specifically incorporated by N.C. Gen. Stat. § 39-23.10.

## SIXTH DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred to the extent Plaintiff lacks standing to assert some or all of them.

## SEVENTH DEFENSE
### (Transfer for Reasonably Equivalent Value, N.C. Gen. Stat. § 39-23.8)

Any transfer made was made to a person who took in good faith and for a reasonably equivalent value.

## EIGHTH DEFENSE
### (Punitive Damages Unconstitutional)

Plaintiff is barred from recovering punitive damages or attorneys' fees from Software Support, because the imposition of punitive damages would violate the due process clause, equal protection clause, excessive fines clause, and other applicable clauses, amendments, or provisions of the United States and North Carolina Constitutions.

## NINTH DEFENSE
### (Incorporation of Defenses Raised by Other Defendants)

Software Support incorporates by reference as if fully set forth herein any and all defenses raised, pleaded, or asserted in this action by other defendants.

This the 28th day of September 2015.

                    **HUNTON & WILLIAMS LLP**

                    /s/ Frank E. Emory, Jr.
                    Frank E. Emory, Jr., N.C. Bar No. 10316
                    Ryan G. Rich, N.C. Bar No. 37015
                    Bank of America Plaza
                    101 South Tryon Street, Suite 3500
                    Charlotte, North Carolina 28280
                    Telephone: (704) 378-4700
                    Fax: (704) 378-4890
                    rrich@hunton.com

                    *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this 28th day of September 2015, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

          John R. Buric
          John R. Brickley
          JAMES, McELROY & DIEHL, P.A.
          600 South College Street
          Charlotte, North Carolina  28202

                            /s/ Ryan G. Rich
                            Ryan G. Rich