UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00313-FDW-DCK

| | |
|---|---|
| FURNITURE DISTRIBUTORS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES R. WHITE, JR., JAMES R. WHITE )<br>SP., PHYLLIS M. WHITE, GREGORGY L. )<br>WHITE, SOFTWARE SUPPORT-PMW, )<br>INC., THE HOMESOURCE CORP., and )<br>CENTERSPEC, LLC, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on several motions. First, Defendant Phyllis. M White and Defendant CenterSpec, LLC ("Defendants") have moved the Court to dismiss for lack of personal jurisdiction. (Doc. Nos. 26, 27). Second, Plaintiff has filed a Memorandum in Opposition to Defendants' motions asserting various theories of specific personal jurisdiction that, Plaintiff argues, the Court may exercise over Defendants (Doc. No. 32). Plaintiff also has filed, simultaneously with its Memorandum in Opposition, a Motion for Early Expedited Discovery Regarding Personal Jurisdiction as to all named Defendants except for Software Support-PMW, INC. (Doc. No. 31). The Court finds that it has sufficient briefing on these two motions to rule. For the reasons that follow, Plaintiff's Motion for Early Expedited Discovery Regarding Personal Jurisdiction is GRANTED with modification, and Defendants' Motions are DENIED without prejudice as moot to be refiled following a limited discovery period.

In sum, Defendants' Motions contend that this Court lacks personal jurisdiction over Phyllis M. White and CenterSpec, LLC. Plaintiff's response argues that Defendants' challenges

to this Court's jurisdiction raise additional questions that warrant limited early discovery on Defendants' contacts with the state of North Carolina.

A party invoking federal jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence … . [W]hen, as here, the court addressees the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676 (internal citations omitted). "Mere allegations of *in personam* jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F. Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422, at *1 (W.D.N.C. Dec. 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant … factual conflicts must be resolved in favor of the party asserting jurisdiction … ." Id.

It is well settled that, "District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure." Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 64 (4th Cir. 2003). The Court has reviewed the pleadings and submissions of counsel

and finds that a short period of limited discovery would be useful to the parties and likely provide assistance to the Court in addressing the issues of personal jurisdiction and venue. Accordingly, the Court will permit limited discovery on the topic of all Defendants'—except Software Support-PMW, Inc.—contacts with North Carolina. Plaintiff may serve five (5) interrogatories and five (5) requests for production of documents to collectively to all Defendants. Plaintiff shall serve these interrogatories and requests within seven (7) days from the date of this Order, with responses to be served by Defendants fourteen (14) days after service from Plaintiff. Plaintiff may also depose each Individual Defendant and take one Rule 30(b)(6) deposition of Defendants' designee, with each such deposition to be limited to five (5) hours. These depositions must occur within twenty-four (24) days from the date of this Order.

In light of this ruling, and in order to allow Defendants to fully brief their previous arguments that may be addressed during this limited discovery, the Court will deny Defendants' pending motions to Dismiss *without prejudice*. The Court specifically notes that by virtue of this ruling, Defendants have preserved all personal jurisdiction arguments, and the Court will not construe its dismissal, or the granting of Plaintiff's motion for expedited discovery, as a waiver of any arguments, including those that may arise for the first time during discovery to further support Defendants' motions.

If, after this limited discovery, Defendants intend to renew their motions to dismiss for lack of personal jurisdiction, they must file such motions no later than thirty (30) days from the date of this Order. Plaintiff shall file its response to such motions no later than seven (7) days after service of the renewed motions, and Defendants' replies shall be filed within three (3) days following service of Plaintiff's response. This shortened briefing schedule is necessary to promote the prompt and efficient resolution of this matter.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (Doc. Nos. 26, 27) are DENIED WITHOUT PREJUDICE, and Plaintiffs' Motion for Early Expedited Discovery Regarding Personal Jurisdiction of Defendants, Phyllis M. White and CenterSpec, LLC (Doc. No. 31) is GRANTED as provided in this Order.

IT IS SO ORDERED.

Signed: November 20, 2015

Frank D. Whitney
Chief United States District Judge