UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FURNITURE DISTRIBUTORS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES R. WHITE, JR., JAMES R. WHITE, SR., | ) Civil No. 3:15-cv-00313-FDW |
| PHYLLIS M. WHITE, GREGORY L. WHITE, | ) |
| COURTNEY MURNANE, SOFTWARE SUPPORT-| ) |
| PMW, INC., THE HOMESOURCE CORP., BBJ | ) |
| CORP., and CENTERSPEC, LLC,, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF JAMES R. WHITE, JR. TO AMENDED COMPLAINT

James R. White, Jr. ("White, Jr."), by and through counsel, hereby sets forth his answer to the Plaintiff's Amended Complaint against himself, James R. White, Sr. ("White, Sr."), Phyllis M. White ("P. White"), Gregory L. White ("G. White"), Courtney Murnane ("Murnane"), The HomeSource Corp. ("HomeSource"), Software Support-PMW, Inc. ("Software Support"), BBJ Corp. ("BBJ"), and CenterSpec, LLC ("CenterSpec").

### PARTIES, JURISDICTION AND VENUE

1. White, Jr. lacks sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint and therefore denies the same.

2. White, Jr. admits that he is a citizen and resident of New York, is over eighteen (18) years of age, and suffers no legal disability. Except as admitted, White, Jr. denies the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3. Paragraph 3 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White,

Jr. states that White, Sr. is over eighteen (18) years of age and resides in New Jersey. Except as admitted, White, Jr. denies the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. Paragraph 4 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that P. White is over eighteen (18) years of age and resides in Florida. Except as admitted, White, Jr. denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. White, Jr. admits the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Paragraph 6 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. admits that G. White is over eighteen (18) years of age and resides in Florida. Except as admitted, White, Jr. denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Paragraph 7 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. admits that Murnane is over eighteen (18) years of age and resides in New Jersey. Except as admitted, White, Jr. denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Paragraph 8 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that Software Support is a corporation organized and existing under the laws of the

State of New Jersey with its principal place of business in New Jersey. Except as admitted, White, Jr. denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint .

9. Paragraph 9 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. denies the existence of any activities designed to frustrate FDI's ability to collect on its judgment against Software Support. White, Jr. states that he lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 9 of Plaintiff's Amended Complaint and therefore denies the same.

10. Paragraph 10 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. denies the existence of any activities designed to frustrate FDI's ability to collect on its judgment against Software Support. White, Jr. states that he lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and therefore denies the same.

11. Paragraph 11 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that CenterSpec is a limited liability company organized in 2015 and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Except as admitted, White, Jr. denies the allegations of Paragraph 11 of Plaintiff's Amended Complaint.

12. White, Jr. denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. Paragraph 13 of Plaintiff's Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, White, Jr. states that he

lacks sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14-15. White, Jr. denies the allegations contained in Paragraphs 14-15 of Plaintiff's Amended Complaint.

## FACTS

16-18. Paragraphs 16-18 of Plaintiff's Amended Complaint do not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraphs 16-18 of Plaintiff's Amended Complaint and therefore denies the same.

19. White, Jr. admits that he formed Software Support on or about May 18, 1998 and that Tobin J. Schmesser serves as registered agent. The documentation filed with the New Jersey Secretary of State speaks for itself. White, Jr. denies that White, Sr. formed Software Support. Except as admitted, White, Jr. denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. White, Jr. admits the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21-22. White, Jr. denies the allegations contained in Paragraphs 21-22 of Plaintiff's Amended Complaint.

23. Paragraph 23 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and therefore denies the same.

24. White, Jr. admits that Software Support marketed and sold "Positionsoft" and that its written correspondence speaks for itself. Except as admitted, White, Jr. denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25-27. White, Jr. states that the previous testimony speaks for itself. Except as admitted, White, Jr. denies the allegations contained in Paragraphs 25-27 of Plaintiff's Amended Complaint.

28. White, Jr. admits that there is a written licensing agreement between Software Support and P. White, and that the agreement speaks for itself. Except as admitted, White, Jr. denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. White, Jr. admits the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30-32. Paragraphs 30-32 of Plaintiff's Amended Complaint do not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraphs 30-32 of Plaintiff's Amended Complaint and therefore denies the same.

33. White, Jr. denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. White, Jr. denies the allegations of Paragraph 34 of Plaintiff's Amended Complaint as it pertains to Software Support. White, Jr. lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint and therefore denies the same.

35. Paragraph 35 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White,

Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint and therefore denies the same.

36-37. White, Jr. states that the previous testimony speaks for itself. Except as admitted, White, Jr. denies the allegations contained in Paragraphs 36-37 of Plaintiff's Amended Complaint.

38-39. White, Jr. lacks sufficient information to admit or deny the allegations contained in Paragraphs 38-39 of Plaintiff's Amended Complaint and therefore denies the same.

40-52. Paragraphs 40-52 of Plaintiff's Amended Complaint do not make any allegations against White, Jr. and thus no response is required. To the extent a response is required, White, Jr. denies the allegations contained in Paragraphs 40-64 of Plaintiff's Amended Complaint.

53. White, Jr. denies the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54-64. Paragraphs 54-64 of Plaintiff's Amended Complaint do not make any allegations against White, Jr. and thus no response is required. To the extent a response is required, White, Jr. denies the allegations contained in Paragraphs 54-64 of Plaintiff's Amended Complaint.

65. White, Jr. denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66. White, Jr. admits the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67. White, Jr. denies the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68-70. Paragraphs 68-70 of Plaintiff's Amended Complaint do not make any allegations against White, Jr. and thus no response is required. To the extent a response is required, White,

Jr. denies the allegations contained in Paragraphs 68-70 of Plaintiff's Amended Complaint.

71. White, Jr. states that the letter, if any, speaks for itself. Except as admitted, White, Jr. denies the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72-75. White, Jr. states that Software Support had an arms-length, one-year licensing agreement with HomeSource and that, as part of that agreement, Software Support registered the alternate name BrandSource Mobile and the domain name BrandSourceMobile.com. Except as admitted, White, Jr. denies the allegations of Paragraphs 72-75 of Plaintiff's Amended Complaint.

76-77. White, Jr. admits that Software Support provided marketing for HomeSource between March 2011 and March 2012, including appearances by White, Jr. at trade shows. It is possible that White, Sr. assisted White, Jr. at a trade show. Except as admitted, White, Jr. denies the allegations contained in Paragraphs 76-77 of Plaintiff's Amended Complaint.

78. White, Jr. states that FDI mischaracterizes his previous testimony, which speaks for itself. Except as admitted, White, Jr. denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79. White, Jr. states that Software Support ceased marketing for HomeSource in 2012 and stopped using the alternate name Brand Source Mobile at that time. White, Jr. admits that he did not file documentation of that ended relationship with the state of New Jersey until on or about August 15, 2013. Except as admitted, White, Jr. denies Paragraph 79 of Plaintiff's Amended Complaint.

80. White, Jr. denies the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81. White, Jr. admits that the registrant of BrandSourceMobile.com was changed to HomeSource to reflect the fact that Software Support no longer was marketing for HomeSource. Except as admitted, White, Jr. denies Paragraph 81 of Plaintiff's Amended Complaint.

82-87. White, Jr. denies the allegations contained in Paragraphs 82-87 of Plaintiff's Amended Complaint.

88. Paragraph 88 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint and therefore denies the same.

89. White, Jr. denies the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

90. White, Jr. admits that he is now an employee of BBJ. White, Jr. lacks sufficient information to admit or deny the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint and therefore denies the same.

91-92. Paragraphs 91-92 of Plaintiff's Amended Complaint do not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraphs 91-92 of Plaintiff's Amended Complaint and therefore denies the same.

93. White, Jr. denies the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

94-95. White, Jr. denies the allegations in Paragraphs 94-95 of Plaintiff's Amended Complaint.

96. White, Jr. admits the allegations in Paragraph 96 of Plaintiff's Amended Complaint.

97-99. White, Jr. denies the allegations contained in Paragraphs 97-99 of Plaintiff's Amended Complaint.

100. White, Jr. admits the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

101-103. Paragraphs 101-103 of Plaintiff's Amended Complaint do not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraphs 101-103 of Plaintiff's Amended Complaint and therefore denies the same.

104. White, Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint and therefore denies the same.

105. White, Jr. denies the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint.

106. White, Jr. denies that BBJ and Murnane were parties to the S&S lawsuit and denies having the same counsel as them in that lawsuit. White, Jr. admits to having the same legal counsel as the other defendants in this case in opposing the S&S lawsuit. Except as admitted, White Jr. denies the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint.

107. White, Jr. admits the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint.

108-113. White, Jr. denies the allegations contained in Paragraphs 108-113 of Plaintiff's Amended Complaint.

114-115. Paragraphs 114-115 of Plaintiff's Amended Complaint do not make any allegations against White, Jr. and thus no response is required. To the extent a response is required, White, Jr. states that Software Support no longer conducts business. Further, Software Support has never had sufficient assets to satisfy the Judgment that FDI obtained in the First Action. Its books and records speak for themselves. Except as admitted, White, Jr. denies the allegations contained in Paragraphs 114-115 of Plaintiff's Amended Complaint.

116-118. White, Jr. denies the allegations contained in Paragraphs 116-118 of Plaintiff's Amended Complaint.

## FIRST ACTION

### Fraudulent Transfer – N.C. Gen. Stat. §§ 39-23.1, et seq. – All Defendants

119. White, Jr. incorporates his responses to Paragraphs 1-118 of Plaintiff's Amended Complaint as if fully set forth herein.

120-121. White, Jr. denies the allegations contained in Paragraphs 120-121 of Plaintiff's Amended Complaint.

122-123. Paragraphs 122-123 of Plaintiff's Amended Complaint consist of legal conclusions to which no responses are required. To the extent responses are required, White, Jr. lacks sufficient information to admit or deny the remaining allegations contained in Paragraphs 122-123 of Plaintiff's Amended Complaint and therefore denies the same.

124-127. White, Jr. denies the allegations contained in Paragraphs 124-127 of Plaintiff's Amended Complaint.

## SECOND CLAIM

### Piercing the Corporate Veil/Alter Ego – All Defendants

128. White, Jr. incorporates his responses to Paragraphs 1-127 of Plaintiff's Amended Complaint as if fully set forth herein.

129-133. White, Jr. denies the allegations contained in Paragraphs 129-133 of Plaintiff's Amended Complaint.

134. Paragraph 134 of Plaintiff's Amended Complaint does not make any allegations against White, Jr., and thus no response is required. To the extent a response is required, White, Jr. states that he lacks sufficient information to admit or deny the allegations contained in Paragraph 134 of Plaintiff's Amended Complaint and therefore denies the same.

135-138. White, Jr. denies the allegations contained in Paragraphs 135-138 of Plaintiff's Amended Complaint.

## THIRD CLAIM

### Successor Liability – BBJ and HomeSource

139. White, Jr. incorporates his responses to Paragraphs 1-138 of Plaintiff's Amended Complaint as if fully set forth herein.

140-142. White, Jr. denies the allegations contained in Paragraphs 140-142 of Plaintiff's Amended Complaint.

## FOURTH CLAIM

### Civil Conspiracy / Aiding and Abetting – All Defendants

143. White, Jr. incorporates his responses to Paragraphs 1-142 of Plaintiff's Amended Complaint as if fully set forth herein.

144-148. White, Jr. denies the allegations contained in Paragraphs 144-148 of Plaintiff's Amended Complaint.

## FIFTH CLAIM

### Unfair and Deceptive Trade Practices – All Defendants

149. White, Jr. incorporates his responses to Paragraphs 1-148 of Plaintiff's Amended Complaint as if fully set forth herein.

150-154. White, Jr. denies the allegations contained in Paragraphs 150-154 of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

1-6. White, Jr. denies that FDI is entitled to any of the relief requested in Plaintiff's Amended Complaint.

## ADDITIONAL DEFENSES AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE
**(Motion to Dismiss for Failure to State a Claim)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, White, Jr. moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. FDI's Amended Complaint is full of improper, intentionally sensational allegations that are implausible and which FDI knows or reasonably should know entirely lack evidentiary support.

### SECOND DEFENSE
**(Failure to Plead with Particularity)**

Plaintiff's claims alleging fraud are barred because they are not pleaded with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE
**(Waiver, Estoppel, and Laches)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or laches, which apply generally and are specifically incorporated by N.C. Gen. Stat. § 39-23.10.

### FOURTH DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred to the extent Plaintiff lacks standing to assert some or all of them.

### FIFTH DEFENSE
### (Real Party in Interest)

Plaintiff's claims are barred to the extent Plaintiff is not the real party in interest.

### SIXTH DEFENSE
### (No Duty to Plaintiff)

Plaintiff's claims fail because White, Jr. had no privity with Plaintiff and had no duty to Plaintiff.

### SEVENTH DEFENSE
### (Transfer for Reasonably Equivalent Value, N.C. Gen. Stat. § 39-23.8)

Any transfer made was made to a person who took in good faith and for a reasonably equivalent value.

### EIGHTH DEFENSE
### (Punitive Damages Unconstitutional)

Plaintiff is barred from recovering punitive damages or attorneys' fees from White, Jr., because the imposition of punitive damages would violate the due process clause, equal protection clause, excessive fines clause, and other applicable clauses, amendments, or provisions of the United States and North Carolina Constitutions.

### NINTH DEFENSE
### (Incorporation of Defenses Raised by Other Defendants)

White, Jr. incorporates by reference as if fully set forth herein any and all defenses raised, pleaded, or asserted in this action by other defendants.

This the 1st day of February 2016.

**HUNTON & WILLIAMS LLP**

/s/ Frank E. Emory, Jr.
Frank E. Emory, Jr., N.C. Bar No. 10316
Ryan G. Rich, N.C. Bar No. 37015
Emma C. Merritt, N.C. Bar No. 35446
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
Fax: (704) 378-4890
femory@hunton.com
rrich@hunton.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of February 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

      John R. Buric
      John R. Brickley
      Jon P. Carroll
      JAMES, McELROY & DIEHL, P.A.
      600 South College Street
      Charlotte, North Carolina  28202

      /s/ Frank E. Emory, Jr.
      Frank E. Emory, Jr.