# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| FURNITURE DISTRIBUTORS, INC. )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>JAMES R. WHITE, JR., JAMES R. WHITE, SR., )<br>PHYLLIS M. WHITE, GREGORY L. WHITE, )<br>COURTNEY MURNANE, SOFTWARE )<br>SUPPORT-PMW, INC., THE HOMESOURCE )<br>CORP., BBJ CORP., and CENTERSPEC, LLC, )<br> )<br>Defendants. )<br> ) | Civil No. 3:15-cv-00313-FDW |

## ANSWER OF THE HOMESOURCE CORP. TO AMENDED COMPLAINT

The HomeSource Corp. ("HomeSource"), by and through counsel, hereby sets forth its answer to the Plaintiff's Amended Complaint against James R. White, Jr. ("White, Jr.") , James R. White, Sr. ("White, Sr."), Phyllis M. White ("P. White"), Gregory L. White ("G. White"), Courtney Murnane ("Murnane"), The HomeSource Corp. ("HomeSource"), Software Support-PMW, Inc. ("Software Support"), BBJ Corp. ("BBJ"), and CenterSpec, LLC ("CenterSpec").

### PARTIES, JURISDICTION AND VENUE

1-8. Paragraphs 1-8 of Plaintiff's Amended Complaint do not make any allegations against HomeSource, and thus no response is required. To the extent a response is required, HomeSource denies the existence of any activities intended to frustrate FDI's ability to collect on its judgment against Software Support. HomeSource is without sufficient information to admit or deny the remaining allegations contained in Paragraphs 1-8 of Plaintiff's Amended Complaint and therefore denies the same.

9. HomeSource admits that HomeSource is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Except as admitted, HomeSource denies the allegations of Paragraph 9 of Plaintiff's Amended Complaint.

10-11. Paragraphs 10-11 of Plaintiff's Amended Complaint do not make any allegations against HomeSource, and thus no response is required. To the extent a response is required, HomeSource denies the existence of any activities intended to frustrate FDI's ability to collect on its judgment against Software Support. HomeSource is without sufficient information to admit or deny the remaining allegations contained in Paragraphs 10-11 of Plaintiff's Amended Complaint and therefore denies the same.

12 HomeSource denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. Paragraph 13 of Plaintiff's Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required, HomeSource states that it lacks sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint, and therefore denies the same.

14-15. HomeSource denies the allegations contained in Paragraphs 14-15 of Plaintiff's Amended Complaint.

**FACTS**

16-29. Paragraphs 16-29 of Plaintiff's Amended Complaint do not make any allegations against HomeSource and thus no response is required. To the extent a response is required, HomeSource states that it lacks sufficient information to admit or deny the

allegations contained in Paragraphs 16-29 of Plaintiff's Amended Complaint and therefore denies the same.

30-32. HomeSource admits the allegations contained in Paragraphs 30-32 of Plaintiff's Amended Complaint.

33. HomeSource denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

34. HomeSource admits that HomeSource is a software developer and that it develops and markets mobile software applications and a cloud-based ERP software platform. Except as admitted, HomeSource denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. HomeSource admits that it has developed various mobile software applications. Except as admitted, HomeSource denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36-37. HomeSource states that the previous testimony speaks for itself. Except as admitted, HomeSource denies the allegations contained in Paragraphs 36-37 of Plaintiff's Amended Complaint.

38. HomeSource admits that there is a written Licensing/Royalty Agreement between HomeSource and P. White that governs certain rights and responsibilities between them. That agreement speaks for itself. Except as admitted, HomeSource denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. HomeSource admits the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40-52. Paragraphs 40-52 of Plaintiff's Amended Complaint do not make any allegations against HomeSource, and thus no response is required. To the extent a response

is required, HomeSource states that it lacks sufficient information to admit or deny the allegations contained in Paragraphs 40-52 of Plaintiff's Amended Complaint and therefore denies the same.

53. HomeSource denies the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54-64. Paragraphs 54-64 of Plaintiff's Amended Complaint do not make any allegations against HomeSource, and thus no response is required. To the extent a response is required, HomeSource states that it lacks sufficient information to admit or deny the allegations contained in Paragraphs 54-64 of Plaintiff's Amended Complaint and therefore denies the same.

65. HomeSource denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66. HomeSource lacks sufficient information to admit or deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint and therefore denies the same.

67-68. HomeSource denies the allegations contained in Paragraphs 67-68 of Plaintiff's Amended Complaint.

69. HomeSource admits that between 2011 and 2012 it had a written licensing agreement with Software Support, which speaks for itself. Except as admitted, HomeSource denies Paragraph 69 of Plaintiff's Amended Complaint.

70. HomeSource lacks sufficient information to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint and therefore denies the same.

71. HomeSource states that White, Jr. and Software Support communicated with BrandSource pursuant to an arms-length, one year licensing agreement between Software Support and HomeSource, and that any related correspondence speaks for itself. Except as

4

admitted, HomeSource denies the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72-75. HomeSource states that Software Support had a licensing agreement with HomeSource between March 2011 and March 2012 and that, as part of that agreement, Software Support registered the alternate name BrandSource Mobile and the domain name BrandSourceMobile.com. Except as admitted, HomeSource denies the allegations contained in Paragraphs 72-75 of Plaintiff's Amended Complaint.

76-77. HomeSource admits that Software Support provided marketing for HomeSource in 2011 and 2012, including appearances by White, Jr. at trade shows. It is possible that White, Sr. assisted White, Jr. at a trade show. Except as admitted, HomeSource denies the allegations contained in Paragraphs 76-77 of Plaintiff's Amended Complaint.

78. HomeSource states that the previous testimony concerning Software Support speaks for itself. Except as admitted, HomeSource denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79-80. HomeSource states that its license agreement with Software Support terminated in 2012, and that Software Support stopped using the alternate name BrandSource Mobile. Software Support did not file documentation of that ended relationship with the state of New Jersey until on or about August 15, 2013. Except as admitted, HomeSource denies the allegations contained in Paragraphs 79-80 of Plaintiff's Amended Complaint.

81. HomeSource admits that the registrant of BrandSourceMobile.com was changed to HomeSource in 2012 to reflect the fact that Software Support no longer was

marketing HomeSource's mobile applications. Except as admitted, G. White denies Paragraph 81 of Plaintiff's Amended Complaint.

82-86    HomeSource denies the allegations contained in Paragraphs 82-86 of Plaintiff's Amended Complaint.

87.    HomeSource denies the allegations contained in Paragraphs 87 of Plaintiff's Amended Complaint.

88.    Paragraph 88 of Plaintiff's Amended Complaint does not make any allegations against HomeSource and thus no response is required. To the extent a response is required, HomeSource states that it lacks sufficient information to admit or deny the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint and therefore denies the same.

89.    HomeSource denies the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

90-91.    HomeSource admits the allegations contained in Paragraphs 90-91 of Plaintiff's Amended Complaint.

92.    HomeSource states that HomeSource contracts with BBJ for BBJ to provide staffing for certain HomeSource projects, and that G. White, as President of HomeSource, has interviewed BBJ's potential hires. Except as admitted, HomeSource denies the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93-95.    HomeSource denies the allegations contained in Paragraphs 93-95 of Plaintiff's Amended Complaint.

96.    Paragraph 96 of Plaintiff's Amended Complaint does not make any allegations against HomeSource and thus no response is required. To the extent a response is required, HomeSource states that it lacks sufficient information to admit or deny the

allegations contained in Paragraph 96 of Plaintiff's Amended Complaint and therefore denies the same.

97. HomeSource denies the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint.

98-99. HomeSource denies the allegations contained in Paragraphs 98-99 of Plaintiff's Amended Complaint.

100. HomeSource admits the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

101-104. HomeSource denies that Tobin J. Schmesser is its registered agent. HomeSource otherwise lacks sufficient information to admit or deny the remaining allegations contained in Paragraphs 101-104 of Plaintiff's Amended Complaint and therefore denies the same.

105. HomeSource denies the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint.

106. HomeSource denies that BBJ and Murnane were parties to the S&S lawsuit and denies having the same counsel as them in that lawsuit. HomeSource admits to having the same legal counsel with the other defendants in this case in opposing the S&S lawsuit. Except as admitted, HomeSource denies the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint.

107. HomeSource admits the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint.

108-113. HomeSource denies the allegations contained in Paragraphs 108-113 of Plaintiff's Amended Complaint.

114-115. Paragraphs 114-115 of Plaintiff's Amended Complaint do not make any allegations against HomeSource and thus no response is required. To the extent a response is required, HomeSource states that it lacks sufficient information to admit or deny the allegations contained in Paragraphs 114-115 of Plaintiff's Amended Complaint and therefore denies the same.

116-118. HomeSource denies the allegations contained in Paragraphs 116-118 of Plaintiff's Amended Complaint.

## FIRST ACTION

**Fraudulent Transfer – N.C. Gen. Stat. §§ 39-23.1, *et seq.* – All Defendants**

119. Home Source incorporates its responses to Paragraphs 1-118 of Plaintiff's Amended Complaint as if fully set forth herein.

120-121. HomeSource denies the allegations contained in Paragraphs 120-121 of Plaintiff's Amended Complaint.

122-123. Paragraphs 122-123 of Plaintiff's Amended Complaint do not make any allegations against HomeSource, and consist of legal conclusions, such that no responses are required. To the extent responses are required, HomeSource lacks sufficient information to admit or deny the remaining allegations contained in Paragraphs 122-123 of Plaintiff's Amended Complaint and therefore denies the same.

124-127. HomeSource denies the allegations contained in Paragraphs 124-127 of Plaintiff's Amended Complaint.

## SECOND CLAIM

**Piercing the Corporate Veil/Alter Ego – All Defendants**

128. HomeSource incorporates its responses to Paragraphs 1-127 of Plaintiff's Amended Complaint as if fully set forth herein.

129-138. HomeSource denies the allegations contained in Paragraphs 129-138 of Plaintiff's Amended Complaint.

### THIRD CLAIM

### Successor Liability – BBJ and HomeSource

139. HomeSource incorporates its responses to Paragraphs 1-138 of Plaintiff's Amended Complaint as if fully set forth herein.

140-142. HomeSource denies the allegations contained in Paragraphs 140-142 of Plaintiff's Amended Complaint.

### FOURTH CLAIM

### Civil Conspiracy / Aiding and Abetting – All Defendants

143. HomeSource incorporates its responses to Paragraphs 1-142 of Plaintiff's Amended Complaint as if fully set forth herein.

144-148. HomeSource denies the allegations contained in Paragraphs 144-148 of Plaintiff's Amended Complaint.

### FIFTH CLAIM

### Unfair and Deceptive Trade Practices – All Defendants

149. HomeSource incorporates its responses to Paragraphs 1-148 of Plaintiff's Amended Complaint as if fully set forth herein.

150-154. HomeSource denies the allegations contained in Paragraphs 150-154 of Plaintiff's Amended Complaint.

### PRAYER FOR RELIEF

1-6. HomeSource denies that FDI is entitled to any of the relief requested in Plaintiff's Amended Complaint.

# ADDITIONAL DEFENSES AND/OR AFFIRMATIVE DEFENSES

## FIRST DEFENSE
### (Motion to Dismiss for Lack of Personal Jurisdiction)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, HomeSource moves to dismiss the Complaint for lack of personal jurisdiction.

## SECOND DEFENSE
### (Motion to Dismiss for Improper Venue)

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, HomeSource moves to dismiss the Amended Complaint for improper venue.

## THIRD DEFENSE
### (Motion to Dismiss for Failure to State a Claim)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, HomeSource moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. FDI's Amended Complaint is full of improper, intentionally sensational allegations that are implausible and which FDI knows or reasonably should know entirely lack evidentiary support.

## FOURTH DEFENSE
### (Failure to Plead with Particularity)

Plaintiff's claims alleging fraud by HomeSource are barred because they are not pleaded with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE
### (Waiver, Estoppel, and Laches)

Plaintiff's claims against HomeSource are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or laches, which apply generally and are specifically incorporated by N.C. Gen. Stat. § 39-23.10.

## SIXTH DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred to the extent Plaintiff lacks standing to assert some or all of them.

## SEVENTH DEFENSE
### (Real Party in Interest)

Plaintiff's claims are barred to the extent Plaintiff is not the real party in interest.

## EIGHTH DEFENSE
### (No Duty to Plaintiff)

Plaintiff's claims fail because HomeSource had no privity with Plaintiff and had no duty to Plaintiff.

## NINTH DEFENSE
### (Transfer for Reasonably Equivalent Value, N.C. Gen. Stat. § 39-23.8)

Any transfer made was made to a person who took in good faith and for a reasonably equivalent value.

## TENTH DEFENSE
### (Punitive Damages Unconstitutional)

Plaintiff is barred from recovering punitive damages or attorneys' fees from HomeSource, because the imposition of punitive damages would violate the due process clause, equal protection clause, excessive fines clause, and other applicable clauses, amendments, or provisions of the United States and North Carolina Constitutions.

## ELEVENTH DEFENSE
### (Incorporation of Defenses Raised by Other Defendants)

HomeSource incorporates by reference as if fully set forth herein any and all defenses raised, pleaded, or asserted in this action by other defendants.

This the 1st day of February 2016.

**HUNTON & WILLIAMS LLP**

/s/ Frank E. Emory, Jr.
───────────────────────────
Frank E. Emory, Jr., N.C. Bar No. 10316
Ryan G. Rich, N.C. Bar No. 37015
Emma C. Merritt, N.C. Bar No. 35446
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
Fax: (704) 378-4890
femory@hunton.com
rrich@hunton.com
emerritt@hunton.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>John R. Buric
>John R. Brickley
>Jon P. Carroll
>JAMES, McELROY & DIEHL, P.A.
>600 South College Street
>Charlotte, North Carolina 28202

>>/s/ Frank E. Emory, Jr.
>>Frank E. Emory, Jr.